

U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 OCT 20  PM 2:03

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELZY CADE, JR. # 127648** | **CIVIL ACTION** |
| **VERSUS** | **NO. 03-3387** |
| **JAMES MILLER, WARDEN** | **SECTION "C"** |

### ORDER AND REASONS

Before this Court is a petition for habeas corpus relief by Elzy Cade, Jr. ("Petitioner"), pursuant to 28 U.S.C. § 2254. As grounds for relief, Petitioner claims that his plea was involuntary and that he was denied effective assistance of counsel.

Upon review of the record, this Court has determined that Petitioner's habeas corpus petition is not timely under the statute of limitations imposed by 28 U.S.C. § 2254(d). Moreover, and irrespective of that time bar, a thorough review of the record indicates that Petitioner's claim is without merit. For the reasons set forth below, this petition is DENIED.

### I. Procedural History

Petitioner, Elzy Cade, Jr., is a state court prisoner incarcerated at the Washington Correctional Institution, Angie, LA.[1] On March 6, 2000, Petitioner pled guilty to armed robbery

---

[1] Cade Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person In State Custody, Memorandum of Law in Support of Habeas Corpus Petitioner, postmarked November 12, 2003, p. 1.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

in violation of La. R.S. 14:64, simple burglary in violation of La. R.S. 14:62, misdemeanor theft in violation of La. R.S. 14:67,[2] failure to return leased property in violation of La R.S. 14:220.1,[3] and three counts of forgery in violation of La. R.S. 14:72.[4] As a part of the plea agreement, on May 2, 2000, Petitioner was sentenced to twenty years for the armed robbery, twelve years for the simple burglary, ten years for each count of forgery, and six months each for the misdemeanor theft and failure to return leased property charges.[5] The Petitioner was sentenced to hard labor without the benefit of parole, probation, or suspension of sentence, and all of the sentences were to run concurrently.[6]

Petitioner filed no direct appeal of his sentence. Petitioner's conviction became final on May 9, 2000, pursuant to La. C. Cr. Proc. arts. 13 and 914.

On February 19, 2001, Petitioner signed a Motion for the Production of Exculpatory Evidence, which was filed on February 26, 2001 and denied on February 28, 2001.[7] On April 11,

---

[2]State Rec., Vol III of VI, Bill of Information No. 84019, November 14, 1997.

[3]State Rec., Vol V of VI, Bill of Information No. 84080, November 14, 1997.

[4]State Rec., Vol. I of VI, transcript of sentencing, Tuesday, May 2, 2000, p. 2-5; State Rec., Vol. I of I Supplemental, transcript of *Boykin* hearing, March 6, 2000, pp. 3-7, 11-12.

[5]State Rec., Vol. I of VI, transcript of sentencing, Tuesday, May 2, 2000, p. 2-5; State Rec., Vol. I of I Supplemental, transcript of *Boykin* hearing, March 6, 2000, pp. 3-7, 11-12.

[6]State Rec., Vol. I of VI, transcript of sentencing, Tuesday, May 2, 2000, p. 2-5; State Rec., Vol. I of I Supplemental, transcript of *Boykin* hearing, March 6, 2000, pp. 3-4, 11-12.

[7]State Rec., Vol IV of VI, Motion of Defendant for Production of Exculpatory Evidence and Disclosure of Impeaching Evidence, February 26, 2001; State Rec., Vol IV of VI, Letter from Deputy Clerk to Cade re Order, March 7, 2001. February 19, 2001 is the earliest date that Petitioner could have presented his Motion for mailing, and therefore the earliest date this Court

2001, Petitioner signed a pro se motion with the Louisiana 21st Judicial District to produce the transcript of his *Boykin* hearing and sentencing.[8] It was filed on April 16, 2001 and granted on May 1, 2001.[9] On August 21, 2001, after not having received the transcripts, Petitioner filed a pro se motion to compel the production of his transcript.[10] The 21st Judicial District mailed Petitioner a copy of his sentencing transcript on September 18, 2001.[11]

On March 19, 2002, Petitioner filed an application for supervisory writs,[12] which was denied by the Louisiana 21st Judicial District Court on April 1, 2002.[13] Consequently, Petitioner

---

could consider the petition as filed for statute of limitations purposes. The Court will thus treat this date as the date it was filed for purposes of determining timeliness.

[8]State Rec., Vol II of VI, Motion for Production of Documents, April 11, 2001.

[9]State Rec., Vol II of VI, Order to Enforce Motion for Production of Documents, May 1, 2001. The Petitioner signed his Motion for Production of Documents on April 11, 2001, and the state court noted it was filed on April 16, 2001. April 11, 2001 is the earliest date that Petitioner could have presented his Motion for mailing. It is therefore the earliest date this Court could consider the petition as filed for statute of limitations purposes and this Court will treat is as such.

[10]State Rec., Vol II of VI, Motion to Enforce Order, August 21, 2001.

[11]State Rec., Vol II of VI, Letter from Deputy Clerk to Cade re Sentencing Transcript, September 18, 2001.

[12]State Rec., Vol I of VI, Uniform Application for Post Conviction Relief, March 19, 2002. The Court notes that Petitioner signed his application on March 19, 2002 and will treat this date as the date it was filed to determine timeliness, as it represents the earliest date that Petitioner could have presented his application for post-conviction relief to prison officials for mailing, and therefore, the earliest date this Court could consider the petition as filed for statute of limitations purposes. *See Roberts v. Cockrell*, 319 F.3d 690, 691 n2 (5th Cir. 2003).

[13] State Rec., Vol I of VI, Letter from Deputy Clerk to Cade re Post Conviction Relief Application, April 4, 2002

3

filed an application for supervisory writs which was received and filed on May 9, 2002 and was denied by Louisiana's First Circuit Court of Appeals on September 9, 2002.[14] Petitioner then filed an application for supervisory writs with the Louisiana Supreme Court, which was metered on October 8, 2002 and filed on November 12, 2002.[15] Without assigning reasons, the Louisiana Supreme Court denied Petitioner's application on October 17, 2003.[16]

Subsequently, Petitioner filed this federal application for habeas corpus on November 12, 2003.[17]

## II. Timeliness

Although neither party has addressed the issue of timeliness in their briefs for this Court, the Court is empowered to raise the issue *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Based on a review of the record, the Court finds that Petitioner's application is not timely.

Generally speaking, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a Petitioner bring his Section 2254 claims within one year of the date

---

[14] State Rec., Vol. I of VI, Notice of Writ, *State v. Cade*, 02-KW-1008; State Rec., Vol. I of VI, *State v. Cade*, 02-KW-1008.

[15] State Rec., Vol. I of VI, Letter from Clerk of Court to Cade re 02-KH-2833, November 21, 2002.

[16] State Rec., Vol. I of VI, Order, *State v. Cade,* 02-KH-2833, October 17, 2003.

[17] The Court notes that this was the date Petitioner's federal petition was postmarked and will treat this date as the date it was filed to determine timeliness, as it represents the earliest date that Petitioner could have presented his petition to prison officials for mailing, and therefore, the earliest date this Court could consider the petition as filed for statute of limitations purposes. The Petitioner did not date his federal petition when he signed it.

on which his conviction or sentence became final. 28 U.S.C. § 2244(d). Pursuant to 28 U.S.C. § 2244(d)(1)(A), Petitioner's one-year limitation period for seeking federal habeas corpus relief commenced running from the date on which that judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner did not file a direct appeal of his conviction and sentence within the time afforded by state law, his conviction and sentence became final no later than May 9, 2000.[18]

On this date, the one-year statute of limitations for filing a federal habeas corpus petition began to run. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). However, the AEDPA's one-year statute of limitations is tolled for the period during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. *See Fields v. Johnson*, 159 F.3d 914 (5th Cir.1998); 28 U.S.C. § 2244(d)(2). From March 19, 2002 until October 17, 2003, a period of 577 days, the statute of limitations was tolled while Cade's application for state post-conviction relief was pending in state court. Even with tolling for the period during which Cade's state applications were pending, Cade's application was still filed

---

[18]*See State v. Counterman,* 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). Louisiana law grants a defendant five days, not including legal holidays and half-holidays, to notice his intent to appeal his conviction or sentence. La. C. Cr. P. arts. 13 and 914. In Louisiana, Sundays are holidays and Saturdays are either holidays or half-holidays. La. Rev. Stat. Ann 1:55(A). In 2000, May 2 was a Tuesday, and a full weekend interceded Petitioner's five days to notice his appeal; therefore, out of an abundance of caution, this Court will not count those two days against Petitioner when calculating the date his conviction becomes final.

5

340 days past the time the statute of limitations was expired.[19]

In addition to tolling for the period during which a properly filed state application is pending, the AEDPA's one-year statute of limitations may also be equitably tolled to preserve a petitioner's claim where strict application of the statute of limitations would prove inequitable. *See Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). The United States Court of Appeals for the Fifth Circuit has joined other federal circuit courts of appeals in holding that the one-year limitation period of the AEDPA is a statute of limitations, not a jurisdictional bar, and, as such, is subject to equitable tolling. *Davis*, 158 F.3d at 811. The doctrine "applies principally where the plaintiff is actively misled by the defendant about the cause of the action or is prevented in some extraordinary way from asserting his rights." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The Court "must examine each case on its facts to determine whether it presents sufficient 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis*, 158 F.3d at 811).

The Court has carefully reviewed the record and the timing of the filings and writ applications made by Petitioner to determine whether the one year statute of limitations could be equitably tolled such that Petitioner's federal petition is rendered timely. After a thorough review of the record, this Court determines that Petitioner is not eligible for equitable tolling.

After Cade's conviction became final, and prior to filing his application for state post-conviction relief, a period of 679 days elapsed. It is insufficient to suggest that this approximately

---

[19] Cade's federal petition was filed 1,282 days after his conviction became final. This number does not include days that were tolled.

22 month lapse between finality of his conviction and the filing of his application for state post-conviction relief should be equitably tolled because he was apparently waiting for and actively seeking production of his *Boykin* hearing and sentencing transcripts. A state court's delay in furnishing Petitioner with a transcript does not establish a basis for equitable tolling. *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) (rejecting equitable tolling argument based on alleged delay in receipt of a transcript); *Brown v. Cain*, 112 F.Supp. 2d 585, 587 (E.D.La. 2000) (holding transcript unnecessary to prepare habeas petition); *Fadayiro v. United States*, 30 F.Supp. 2d 772, 779-80 (D.N.J. 1998) (holding delay in receiving transcripts not sufficiently extraordinary to justify application of equitable tolling); *United States v. Van Poyck*, 980 F.Supp. 1108, 1110-11 (C.D.Cal. 1997) (holding delay in receipt of transcript not an "extraordinary circumstance[ ]" sufficient to justify equitable tolling).

Petitioner's arguments, while related to his sentencing and *Boykin* hearing, were essentially legal arguments that Petitioner could have made without the transcripts. Moreover, Petitioner attended his guilty plea and sentencing. Thus, his legal arguments should have been apparent to him without possession of the transcripts. Without a showing that Petitioner specifically required the transcripts to file his state application, the Court cannot deem the state's delay in processing his request for transcripts to have been an impediment to filing his state application. Petitioner has not made such a showing.

Outside the 577 days between the filing of his application for post-conviction relief and the state court's final denial of that application, there are 705 days between the date Petitioner's conviction became final and the date on which he signed the petition filed in this Court. That is almost twice the allowable time under AEDPA's limitations period. The Court therefore will not

apply the extraordinary remedy of equitable tolling in this case because there has been no showing of any state interference with Petitioner's rights to timely proceed with the many remedies available to him in the state and federal courts.[20]

For the reasons stated above, the Court finds that Mr. Cade's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is not timely. Nonetheless, and because of the close scrutiny under which a federal habeas court, applying AEDPA, is required to review the record for purposes of timeliness and other procedural matters, the Court has reviewed Petitioner's claim and determined that it is without merit.

## III. Involuntary Plea

In his federal petition, Cade presents two claims. He first argues that his plea agreement was not voluntary and intelligent because, when he pled guilty, he was under the impression that he would be eligible for "good time" credit[21] upon serving ten years of his twenty year sentence. Because a guilty plea necessarily waives several important constitutional rights, the record must affirmatively establish that the plea was voluntary and intelligent. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *Brady v. United States*, 397 U.S. 742, 746-748 (1970). "A guilty plea is not rendered involuntary by the defendant's mere subjective understanding that he would receive a lesser sentence. In other words, if the defendant's expectation of a lesser sentence did not result

---

[20]Even if Cade were eligible for equitable tolling of the time when he was waiting for transcripts from the state court, which amounts to a period of 211 days, his petition would still be 103 days late.

[21]Pursuant to Louisiana law, some prisoners are allowed to earn "good time" which may result in a diminution of their sentences. See La. Rev. Stat. Ann. §§ 15:571.3 et seq. Prisoners released pursuant to those provisions are "released as if released as on parole," La. Rev. Stat. Ann. § 15:571.5(A)(1); *State v. McGhee*, 752 So.2d 770, 771 (La. 1999).

from a promise or guarantee by the court, the prosecutor or defense counsel, the guilty plea stands." *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002) (citing *Spinelli v. Collins*, 992 F.2d 559, 561-62 (5th Cir. 1993)).

Here, the record shows that the plea was voluntary and intelligent. The record is clear that the state trial court carefully reviewed not just the rights Petitioner was waiving in pleading guilty, but the sentence he would face in pleading guilty.[22] The state trial court informed Petitioner during both his *Boykin* and sentencing hearings that Petitioner was to serve 20 years "without the benefit of parole, probation, or suspension of sentence."[23] During his *Boykin* hearing, the trial judge questioned Cade on his reason for pleading guilty and Cade told the trial judge that he had received no promises of leniency in exchange for the plea.[24] Petitioner has presented no evidence showing that he was not fully advised of his rights and the ramifications of his plea of guilty. It is insufficient to suggest that Petitioner's plea agreement was involuntary because he was under the mistaken assumption that he would be eligible for good time credit after serving ten years of his sentence. Thus, the Court finds that Petitioner's guilty plea was voluntary and intelligent.

## IV. Ineffective Assistance of Counsel

Cade's second federal claim is that his counsel was ineffective for failing to inform him

---

[22]State Rec., Vol. I of I Supplemental, transcript of *Boykin* hearing, March 6, 2000, pp. 7-11.

[23] State Rec., Vol. I of VI, transcript of sentencing, Tuesday, May 2, 2000, p. 3; State Rec., Vol. I of I Supplemental, transcript of *Boykin* hearing, March 6, 2000, p. 11.

[24]State Rec., Vol. I of I Supplemental, transcript of *Boykin* hearing, March 6, 2000, p. 8.

that he would not be eligible for diminution of sentence.[25] In general, a two-pronged test is employed with regard to a claim of ineffective assistance of counsel. First, the petitioner "must show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the petitioner "must show that the deficient performance prejudiced the defense." *Id.*

Under the deficient performance prong of the *Strickland* test, "when a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-688. "It is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690). "An attorney's performance, which enjoys a strong presumption of adequacy, is deficient if it is objectively unreasonable." *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995), *cert. denied*, 516 U.S. 1165 (1996) (quoting *United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995)). The petitioner must prove that the conduct of

---

[25]Although Cade argued that his plea was not voluntary and intelligent in his state application, he failed to present an ineffective assistance of counsel claim in his state post-conviction relief application. Therefore, Petitioner has failed to exhaust his state court remedies as to one claim made in this federal application. Accordingly, Petitioner's federal petition contains both exhausted and unexhausted claims. "A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice." *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state rules. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). However, as the United States Fifth Circuit Court of Appeals has noted, 28 U.S.C. § 2254(b)(2) "allows a federal court, in its discretion, to *deny habeas relief* on the merits, regardless of whether the applicant has exhausted state remedies" and whether exhaustion is waived by the state. *Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998) (emphasis in original). The Court, in the interest of judicial economy, will exercise its discretion to deny Petitioner's claim on the merits.

trial counsel fell below the constitutional minimum guaranteed by the Sixth Amendment. *United States v. Faubion,* 19 F.3d 226, 228 (5th Cir. 1994). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. *Strickland,* 466 U.S. at 688-689. Petitioner "carries the burden of proof ... and must overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance." *Crockett v. McCotter,* 796 F.2d 787, 791 (5th Cir. 1986), *cert. denied,* 479 U.S. 1021 (1986); *Hayes v. Maggio,* 699 F.2d 198, 201-202 (5th Cir. 1983).

To prove prejudice under the *Strickland* standard, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 688-689. The *Strickland* court defined a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.,* at 694. When the issue is the voluntariness of a guilty plea, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Joseph,* 838 F.2d at 791 (quoting *Hill v. Lockhart,* 474 U.S. 52, 59 (1985)).

Thus, it is Cade's burden to demonstrate (1) that his counsel's conduct was objectively unreasonable; and (2) a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have demanded a trial. Cade has not met this burden. Petitioner has presented no evidence showing that his lawyer failed to fully advise him of the consequences of his guilty plea. Indeed, during Cade's *Boykin* hearing, the state trial court asked Cade's counsel if he had advised Cade of his rights and the nature of the charges against him.[26] Cade's counsel told

---

[26] State Rec., Vol. I of I Supplemental, transcript of *Boykin* hearing, March 6, 2000, p. 9.

11

the court that he had done so and that he believed Cade understood the nature of the charges and his rights.[27] The fact that Cade pled guilty to the charges after being informed of the consequences by the state trial court undermines his argument that he would have demanded a trial if he had been fully informed by his attorney. Cade has failed to demonstrate that his counsel's conduct fell below an objective standard of reasonableness. He has also failed to raise a reasonable probability that, but for his counsel's errors, he would have pled not guilty and demanded a trial on his multiple charges. Therefore, Petitioner has not demonstrated that his counsel was ineffective.

## V. Conclusion

For purposes of the limited review that can be taken by this Court, and having considered the complaint, the record, and the applicable law, it is determined that Petitioner has not established that his state conviction and sentence present grounds for the relief requested. Accordingly, IT IS ORDERED that the petition of ELZY CADE, JR. for writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED WITH PREJUDICE. Judgement will be entered accordingly.

Baton Rouge, Louisiana this 17 day of October, 2005

HELEN G. BERRIGAN
U.S. DISTRICT JUDGE

---

[27]State Rec., Vol. I of I Supplemental, transcript of *Boykin* hearing, March 6, 2000, p. 9.